LIVIA M. KISER (SBN 285411)
*lkiser@kslaw.com*
KING & SPALDING LLP
633 W. 5th Street, Suite 1600
Los Angeles, CA 90071
Tel: (213) 443-4355
Fax: (213) 443-4310

*Attorney for Defendant*
ARTHUR J. GALLAGHER & CO.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE MAY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ARTHUR J. GALLAGHER & CO.; and DOES 1-50, inclusive,<br><br>Defendant. | Case No.<br><br>**DEFENDANT ARTHUR J. GALLAGHER & CO.'S NOTICE OF REMOVAL**<br><br>Removal from the Superior Court of the State of California for the County of Contra Costa, Case No. C21-01705 |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant Arthur J. Gallagher & Co. hereby effects the removal of this action from the Superior Court of the State of California for the County of Contra Costa ("County of Contra Costa Superior Court") to the United States for the Northern District of California. Removal is proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), because this case is a class action in which the putative class exceeds 100 members, at least one plaintiff is diverse from at least one defendant, and the amount in controversy exceeds $5 million.

## FACTUAL BACKGROUND AND STATE COURT PROCEEDINGS

1. On August 16, 2021, plaintiff Leslie May ("Plaintiff") filed a putative class action suit against Arthur J. Gallagher & Co. in the County of Contra Costa Superior Court. A true and correct copy of the Complaint is attached to the Declaration of Livia M. Kiser ("Kiser Declaration") as **Exhibit A**. Defendant Arthur J. Gallagher & Co. was served on September 28, 2021. (**Exhibit B** to the Kiser Declaration.) Other documents in this litigation that were served to Arthur J. Gallagher & Co. are attached to the Kiser Declaration as **Exhibit C**.

2. The gravamen of the allegations in the Complaint is that a data breach occurred between June 3, 2020 and September 26, 2020 during which personally identifiable information of Arthur J. Gallagher & Co.'s customers was purportedly accessed or acquired. Plaintiff asserts the following three causes of action on behalf of herself and the putative class: (1) violations of California's Consumer Privacy Act of 2018, Cal. Civ. Code §§ 1798.100, *et seq.* (Ex. A, ¶¶ 75–86); (2) violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* (Ex. A, ¶¶ 87–97); and (3) breach of contract (Ex. A, ¶¶ 98–103). Plaintiff seeks actual and punitive damages, statutory damages, equitable relief including restitution, injunctive relief, attorneys' fees and litigation expenses, costs of suit, and pre- and post-judgment interest at the highest legal rates applicable. (*See id.*, Prayer for Relief.)

## REMOVAL IS PROPER UNDER 28 U.S.C. § 1332(d)

3. Removal of this action is proper. The Court may exercise subject matter jurisdiction over this action under CAFA because the proposed class contains at least 100 members, the parties are

ARTHUR J. GALLAGHER & CO.'S NOTICE OF REMOVAL

minimally diverse, and the amount of controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d).

**THE COURT HAS JURISDICTION PURSUANT TO CAFA**

4. The Complaint is removable because this Court has original jurisdiction over this action under CAFA, 28 U.S.C. § 1332(d). Federal courts may exercise diversity jurisdiction under CAFA where: (1) the case is a "civil action . . . and is a class action"; (2) the putative class consists of at least 100 members; (3) minimal diversity exists between the parties—in other words, at least one putative class member is a citizen of a state different from that of any Arthur J. Gallagher & Co.; and (4) the aggregate amount in controversy exceeds $5,000,000, exclusive of interests and costs. *Id.*; *see also* 28 U.S.C. § 1441. Arthur J. Gallagher & Co. vigorously disputes Plaintiff's allegations, including any claims that Arthur J. Gallagher & Co. is liable for any wrongdoing, any class allegations, and any conjecture about whether any class could be properly certified. Arthur J. Gallagher & Co. reserves all rights in this regard— including but not limited to the right to contest the definition, scope, certifiability, and merits of the putative classes as alleged in the Complaint—and no reference to or re-statement of Plaintiff's allegations herein shall constitute an admission of liability or damages. Nonetheless, as set forth below, reviewing the allegations in the Complaint for the limited purpose of determining federal jurisdiction, the value of the damages/relief sought and size of the putative class(es) sought by Plaintiff make this action subject to removal under CAFA.

**A. The Parties Are Sufficiently Numerous to Satisfy CAFA**

5. This action is a putative "class action" under CAFA because it was brought under California Code of Civil Procedure section 382, authorizing a lawsuit to be brought as a class action. 28 U.S.C. § 1332(d); see also Ex. A, ¶ 4 ("This action is brought as a class action on behalf of Plaintiff and the Class members pursuant to Cal. Code Civ. Proc. § 382.").

6. Plaintiff states that she brings this action on behalf of "[a]ll California residents who Defendant and/or its agents sent a 'Notice of Data Breach' letter to informing them their personally identifiable information (PII) was subjected to the Data Breach." (Ex. A, ¶ 66.)

7. Plaintiff also states that "[w]hile the exact number of Class members is unknown, Defendant acknowledges the Data Breach, and reports estimate the breach to hundreds of thousands of

3

customers, including Plaintiff and Class members" and that "Plaintiff therefore believes that the Class is so numerous that joinder of all members is impractical." (Ex. A, ¶ 69.) Plaintiff further alleges, on information and belief, that "at least 226,920 customers have been affected by the Data Breach nationwide." (*Id.* ¶ 3.)

8. A removing defendant's notice of removal "'need not contain evidentiary submissions'" but only plausible allegations of the jurisdictional elements." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) (citing *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015)). When a defendant's allegations of removal jurisdiction are challenged, the defendant's showing on the amount in controversy may rely on reasonable assumptions, and "an assumption may be reasonable if it is founded on the allegations of the complaint." *Id.* at 922, 925.

9. Here, Plaintiff's own allegations – identifying hundreds of thousands of alleged customers affected by the Data Breach nationwide – make clear that Plaintiff's proposed California class includes at least 100 affected customers. In addition, Arthur J. Gallagher & Co. sent letters to 967,417 potentially affected California residents resulting from the data security incident, all of whom are included in Plaintiff's proposed class definition. (Declaration of Kelli Murray, ¶ 4 ("**Exhibit D**" to the Kiser Decl.); Ex. A at ¶ 66. This action accordingly satisfies CAFA's requirement that the proposed class contain at least 100 members. *See* 28 U.S.C. § 1332(d)(5)(B).

**B.     The Parties Are Minimally Diverse**

10. CAFA's minimal diversity requirement is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

11. Plaintiff is the only named representative in this action and is a citizen of California. (Ex. A, ¶ 7 ("At all relevant times, Plaintiff resided in the State of California."). Plaintiff's class allegations are also limited to California. (*See* Ex. A, ¶ 66 (putative class consist of "all California residents who Arthur J. Gallagher & Co. and/or its agents sent a 'Notice of Breach' Letter…").)

12. Arthur J. Gallagher & Co., on the other hand, would constitute a citizen of Delaware and Illinois because at the time of the filing of the Complaint and at the time of the removal of this action, it is incorporated in Delaware with its headquarters and principal place of business in Illinois. *See* Arthur J. Gallagher & Co. Form 8-K Report dated September 14, 2021, Kiser Decl. Ex. E; Arthur J. Gallagher &

Co. Form 8-K Report dated August 12, 2021, Kiser Decl. Ex. F; *see also* 28 U.S.C. § 1332(c)(1) (providing that a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

13. CAFA's minimal diversity requirement is satisfied because Plaintiff and Arthur J. Gallagher & Co. are citizens of different states. Indeed, complete diversity exists because no plaintiff is a citizen of Delaware or Illinois.

**C. The Amount in Controversy Exceeds $5,000,000**

14. Arthur J. Gallagher & Co. denies that Plaintiff or the putative class members are entitled to any relief. But without prejudice to its defenses in this action and without conceding any merit to Plaintiff's allegations, causes of action, or claims for damages, Plaintiff's allegations suggest that the amount in controversy exceeds the $5,000,000 threshold amount for removal jurisdiction under CAFA. *See* 28 U.S.C. § 1332(d)(2).

15. If a plaintiff fails to plead a specific amount of damages and the amount in controversy is not "facially apparent" from the complaint, "the court may consider facts in the removal petition" to determine the amount at issue. *Kroske v. U.S. Bank Corp.,* 432 F.3d 976, 980 (9th Cir. 2005). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Op. Co. v. Owens*, 574 U.S. 81, 89 (2014). To satisfy this burden, a defendant may rely on a "reasonable" "chain of reasoning" that is based on "reasonable" "assumptions." *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1201 (9th Cir. 2015). *See also Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 959 (9th Cir. 2020) ("[I]n *Arias* we held that a removing defendant's notice of removal need not contain evidentiary submissions but only plausible allegations of jurisdictional elements," quotations and citations omitted). That is because "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee*, 574 U.S. at 87.

16. In calculating the potential amount in controversy, courts include actual damages, compensatory damages, statutory penalties, restitution, disgorgement, punitive damages, and attorney's

fees. *Wolk v. Green*, 516 F. Supp. 2d 1121, 1127 (N.D. Cal. 2007) ("[T]he jurisdictional minimum may be satisfied by claims of general and specific damages, attorney's fees, and by punitive damages."); *Kroske*, 432 F.3d at 980 ("The amount in controversy includes the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract."). "Where a statutory maximum is specified, courts may consider the maximum statutory penalty available in determining whether the jurisdictional amount in controversy requirement is met." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008). In calculating the potential amount in controversy under CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. 28 U.S.C. § 1332(d)(6).

17. Although Plaintiff did not bring her lawsuit in federal court in first instance, her allegations easily satisfy the CAFA statutory threshold given the "hundreds of thousands of customers" Plaintiff alleges were affected by the data security incident. Specifically, Plaintiff alleges that "at least 226,920 customers have been affected" by the data security incident nationwide." (*Id.* ¶ 3.). Although Plaintiff does not allege the number of California consumers who received a Notice, Arthur J. Gallagher & Co. sent a letter to 967,417 California residents about the data security incident at issue. (Ex. D.) On behalf of that proposed class, Plaintiff seeks actual damages, statutory damages, punitive damages, equitable relief, including restitution, injunctive relief, attorneys' fees, costs, litigation expenses, and pre- and post-judgment interest at the highest legal rates applicable. (Ex. A, Prayer for Relief ¶¶ (i)–(viii).)

18. Plaintiff alleges, *inter alia*, violations of California's Consumer Privacy Act of 2018 ("CCPA"). The CCPA provides that consumers can file private lawsuits for between $100 to $750 damages per consumer, per incident, or for actual damages (whichever are higher). Cal. Civ. Code § 1798.150(a)(1)(A). Thus (and although Arthur J. Gallagher & Co. denies that Plaintiff or anyone else has a valid claim under the CCPA), the total aggregate value of the monetary relief sought under the CCPA exceeds the sum of $5,000,000, exclusive of interests and costs.

19. In addition, Plaintiff seeks an injunction "prohibiting Defendant from continuing such wrongful conduct, and requiring Defendant to modify their corporate culture and design, adopt, implement, control, direct, oversee, manage, monitor and audit appropriate data security processes, controls, policies, procedures protocols, and software and hardware systems to safeguard and protect the

PII entrusted to it." (Ex. A, ¶ 97.) Arthur J. Gallagher & Co.'s cost for complying with such an injunction must be included in determining the amount in controversy. *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (noting that "the costs of complying with an injunction" are included in determining whether CAFA's amount in controversy is met).

20. Plaintiff also seeks attorneys' fees and punitive damages. (Ex. A, Prayer for Relief, ¶ (v).) Attorneys' fees are properly considered as part of the amount in controversy for the purposes of determining federal jurisdiction. *See, e.g., Fritsch*, 899 F.3d 785 at 793–94; *Mejia v. Prologix Distribution Servs. (W.), LLC*, No. 12-4840, 2012 WL 5522309, at *2 (N.D. Cal. Nov. 14, 2012) (explaining that "attorneys' fees are included in the calculation" of CAFA's amount in controversy requirement).

21. In sum, for present purposes, aggregating the statutory damages for the CCPA claim with restitution and damages available under Plaintiff's other causes of action, along with the amount placed in issue by Plaintiff's request for injunctive relief, plus attorney's fees, and punitive damages, readily satisfies the jurisdictional minimum amount in controversy of $5,000,000.

22. Arthur J. Gallagher & Co. reserves the right to present additional evidentiary support should Plaintiff challenge federal jurisdiction, including whether the jurisdictional amount-in-controversy threshold is satisfied. *See Dart Cherokee*, 574 U.S. at 89 (noting that "[e]vidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation" that the amount in controversy exceeds the jurisdictional threshold).

23. Finally, although Arthur J. Gallagher & Co. does not bear the burden of demonstrating the applicability of a CAFA exception, this action does not fall within any exclusion to removal of jurisdiction recognized by 28 U.S.C. § 1332(d) because Arthur J. Gallagher & Co. is not a citizen of California, the state in which the action was originally filed, and no other exclusion applies.

## REMOVAL IS TIMELY

24. Arthur J. Gallagher & Co. was served with the Complaint and Summons in this action on September 28, 2021. (Ex. B to the Kiser Decl.) Because this Notice of Removal is filed within 30 days of service of the Complaint and Summons, it is timely under 28 U.S.C. § 1446(b)(3), 1453.

//
//

**OTHER REQUIREMENTS FOR REMOVAL ARE MET**

25. Arthur J. Gallagher & Co. has not had any attorneys enter an appearance, file any responsive pleadings, or file any papers responding to the Complaint in the state court. By filing this Notice of Removal, Arthur J. Gallagher & Co. does not waive any defense that may be available to it and reserves all such defenses, including but not limited to those related to service of process and lack of personal jurisdiction.

26. The United States District Court for the Northern District of California is the appropriate venue for removal pursuant to 28 U.S.C. section 1441(a) because it embraces the place where Plaintiff originally filed this case, in the Superior Court of California for the County of Contra Costa. *See* 28 U.S.C. §§ 84(a), 1441(a). Moreover, upon removal to the United States District Court for the Northern District of California, Plaintiff has agreed to stipulate to transfer the action to the United States District Court for the Northern District of Illinois where three (3) other lawsuits against Arthur J. Gallagher & Co. relating to the same subject matter are currently pending. These lawsuits have been transferred to a single judge and are in the process of being consolidated.

27. Arthur J. Gallagher & Co. will promptly serve notice of removal on Plaintiff and will promptly file a copy of this Notice with the Clerk of the Superior Court of the State of California for the County of Contra Costa, in which the action is pending, as required under 28 U.S.C. § 1446(d). This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11. *See* 28 U.S.C. § 1446(a).

28. Pursuant to 28 U.S.C. § 1446(a), a "copy of all process, pleadings, and orders served upon" Arthur J. Gallagher & Co. is attached to this Notice of Removal as Exhibits A, B, and C. In the event additional process, pleadings, or orders are served on Arthur J. Gallagher & Co., it shall promptly provide this Court with true and correct copies of all such papers.

29. No previous application has been made for the relief requested herein.

**CONCLUSION**

For the foregoing reasons, Arthur J. Gallagher & Co. respectfully submits that this action is properly removed from the Superior Court of the State of California for the County of Contra Costa to this Court. If any question arises as to the propriety of the removal of this action, Arthur J. Gallagher & Co. respectfully requests the opportunity to present briefing, additional evidence, and oral argument in

ARTHUR J. GALLAGHER & CO.'S NOTICE OF REMOVAL

support of its position that this case has been properly removed. Arthur J. Gallagher & Co. further reserves the right to amend or supplement this Notice of Removal to assert additional bases for federal jurisdiction.

WHEREFORE, Arthur J. Gallagher & Co. hereby removes this action, now pending in the Superior Court of the State of California for the County of Contra Costa, Case No. C21-01705, to the United States District Court for the Northern District of California.

Respectfully submitted,

Dated: October 25, 2021

KING & SPALDING LLP

By: */s/ Livia M. Kiser*

Attorney for Defendant
ARTHUR J. GALLAGHER & CO.

ARTHUR J. GALLAGHER & CO.'S NOTICE OF REMOVAL